**Linda L. Marshall, OSB 83279**
linda.marshall.attorneyatlaw@gmail.com
PMB 408
3 Monroe Parkway, Suite P
Lake Oswego, OR 97035
(503) 699-2082
Fax: (971) 269-2888
  Co-attorney for plaintiff

**Shawn M. Sornson, OSB 914381**
smsattorney@hotmail.com
Shawn M. Sornson PC
3415 Commercial St SE Ste 106
Salem, OR 97302
(503) 585-3224
Fax: (503) 585-3755
  Co-attorney for plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **MAX ZWEIZIG**,<br><br>         Plaintiff,<br><br>     v.<br><br>**TIMOTHY C. ROTE**, a citizen of the state of Oregon, **NORTHWEST DIRECT TELESERVICES, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT MARKETING OF OREGON, INC.** an Oregon for-profit corporation, **NORTHWEST DIRECT MARKETING, INC.,** an Oregon for-profit corporation, and **DOES 1 through 10,**<br><br>         Defendants. | Case No.<br><br>**COMPLAINT**<br><br>(Uniform Fraudulent Transfer Act, pierce corporate veil, fraud)<br><br>**DEMAND FOR JURY TRIAL** |

Complaint -- page 1

## JURY DEMAND

Plaintiff Max Zweizig demands a trial by jury.

Plaintiff alleges:

1.  This is an action for monetary and equitable relief to collect the award in favor of plaintiff in the judgment entered in *Northwest Direct Teleservices, Inc. v. Max Zweizig,* US District Court Case No. 3:11-cv-910 ("the Judgment") from defendants Timothy C. Rote, Northwest Direct Teleservices, Inc. ("Northwest Direct"), Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., and/or DOES 1 through 10.

## PARTIES

2.  Plaintiff Max Zweizig is an individual who resides in and is a citizen of the state of New Jersey. Plaintiff is a judgment creditor, owed $75,375.00 under the Judgment, no part of which has been paid.

3.  Defendant Northwest Direct is a for-profit corporation organized and existing under the laws of the state of Oregon with its principal place of business in Clackamas County, Oregon. Northwest Direct is a judgment debtor under the Judgment in the amount of $75,375.00.

4.  Defendant Timothy C. Rote is an individual who resides in Clackamas County, Oregon, and is a citizen of the state of Oregon. At all times material herein, defendant Rote was the sole and/or principal owner, sole Director, President, Secretary, Registered Agent, and controlling shareholder of defendant Northwest Direct.

5.  Defendant Northwest Direct Marketing of Oregon, Inc., is a for-profit corporation organized and existing under the laws of the state of Oregon with its

Complaint -- page 2

principal place of business in Washington County, Oregon.  At all times material herein, defendant Rote was the sole and/or principal owner, Director, President, Secretary, Registered Agent, and controlling shareholder of defendant Northwest Direct Marketing of Oregon, Inc.

6.     Defendant Northwest Direct Marketing, Inc., is a for-profit corporation organized and existing under the laws of the state of Oregon with its principal place of business in Clackamas County, Oregon.  At all times material herein, defendant Rote was the sole and/or principal owner, Director, President, Secretary, Registered Agent, and controlling shareholder of defendant Northwest Direct Marketing, Inc.

7.     On information and belief, DOES 1 through 10 are persons and/or entities, each with citizenship and/or a principal place of business in a state other than the state of New Jersey.  For DOES 1 through 10 that are corporate entities, defendant Rote was the sole and/or principal owner and the controlling shareholder.  DOES 1 through 10 are the recipients of contracts, receipts of contracts, moneys, and assets transferred to them from defendant Northwest Direct in order to prevent plaintiff from collecting the Judgment.  DOES 1 through 10 are alleged in this complaint for the purpose of extending the court's jurisdiction over the proceeds of assets and/or property of Northwest Direct that were wrongfully transferred.

## JURISDICTION AND VENUE

8.     The court has jurisdiction over this action pursuant to 28 USC § 1332 because there is diversity of citizenship between plaintiff and all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Complaint -- page 3

9. Venue is proper in this District pursuant to 28 USC § 1391(b) because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District. Pursuant to LR 3-2(a)(1), divisional venue is proper in the Portland Division because defendants reside in and/or have a principal place of business in a county covered by this Division.

**GENERAL ALLEGATIONS**

10. Defendant Northwest Direct provides and/or provided in-bound and out-bound call center services for clients throughout the United States.

11. On August 18, 2001, plaintiff and Northwest Direct entered into a written employment agreement pursuant to which Northwest Direct hired plaintiff as the Director of its IT Department beginning September 1, 2001. Plaintiff reported directly to defendant Rote.

12. Plaintiff worked for Northwest Direct from September 1, 2001 to November 14, 2003. On or about October 23, 2003, plaintiff reported to Rote that Northwest Direct was systematically over-billing some of its clients. He requested that Rote investigate the matter. When defendant Rote did not respond, plaintiff retained counsel in Oregon who on behalf of plaintiff reported the concerns to the Oregon Department of Justice, with a copy of his letter to Rote. On October 29, 2003, the day after Rote received the letter from plaintiff's attorney, Rote began reassigning plaintiff's duties. Rote ultimately terminated plaintiff's employment effective November 14, 2003.

13. In or about April 2006, Northwest Direct initiated arbitration proceedings against plaintiff by filing a statement of claims with the Arbitration Services of Portland, *Northwest Direct Teleservices, Inc.,* ASP No. 050511-1 ("the arbitration

Complaint -- page 4

proceeding"). Thereafter, plaintiff filed counterclaims in the arbitration proceeding against Northwest Direct for retaliatory discharge in violation of ORS 659A.230 and for common law wrongful discharge.

14. In the course of the arbitration proceeding, Northwest Direct, through its attorney and through defendant Rote, represented that Northwest Direct was the parent corporation to a group of corporations that were operating a multi-state business with contracts with various clients of in-bound and out-bound telemarketing services, and that revenue from these contracts were deposited in one or more accounts owned by Northwest Direct. Rote represented that Northwest Direct owned the contracts, had a right to the revenue from the contracts, and the financial accounts (hereinafter the "Property"). In fact, defendant Rote has created a complex web of corporate entities, which on information and belief, he has used to move, transfer, and reassign cash-flow from contracts and other assets in order to avoid paying judgment creditors, including plaintiff.

15. For various reasons, the arbitration proceeding consumed some five years. Finally, arbitral hearings took place in ten non-consecutive days between May and November 2010. The parities submitted lengthy post-hearing briefs and replies. On April 5, 2011, the arbitrator issued the Opinion and Order and Arbitration Award in which he awarded plaintiff the total amount of $75,375.00 (hereinafter the "Arbitration Award").

16. On July 15, 2011, Northwest Direct filed a Petition to Modify or Vacate Arbitration Award in the Circuit Court of the State of Oregon for the County of Clackamas, Case No. CV 11070441. Plaintiff removed the case to Federal court and

Complaint -- page 5

filed a cross-petition to vacate in part and confirm in part the subject arbitration award, *Northwest Direct Teleservices Inc. v. Max Zweizig,* US District Court Case No. 3:11-CV-910-PK.

17. On November 18, 2011, Magistrate Judge Papak entered findings and recommendation recommending the confirmation of the Arbitration Award. On February 14, 2012, Judge Anna Brown entered the Judgment confirming the Arbitration Award.

18. Plaintiff filed and registered the Judgment as a foreign judgment in the Circuit Court for the State of Oregon, County of Clackamas.

19. At all times material herein, Northwest Direct was under the actual control of defendant Rote.

20. On information and belief, defendant Northwest Direct through the control exercised by defendant Rote transferred all its Property to defendant Rote, Northwest Direct Marketing or Oregon, Inc., Northwest Direct Marketing, Inc., and/or DOES 1 through 10.

21. As a result of defendants' actions, to-date plaintiff has been paid no part of the amount awarded to him in the Arbitration Award and confirmed in the Judgment.

### FIRST CLAIM FOR RELIEF

(Uniform Fraudulent Transfer Act –

ORS 95.200-95 *et seq*)

### COUNT ONE

(ORS 95.230)

Complaint -- page 6

22. Plaintiff incorporates by reference the allegations in paragraphs 1 through 21, as if fully set forth herein.

23. The transfer and/or transfers of the Property were fraudulent as to plaintiff in one or more or more of the following particulars:

a. Northwest Direct transferred the Property with actual intent to hinder, delay, and/or defraud plaintiff in connection with plaintiff's recovery of any amount awarded to him in the Arbitration Award and confirmed in the Judgment; or

b. Northwest Direct transferred the Property without receiving a reasonably equivalent value in exchange, and

(1) at a time when Northwest Direct was engaged in the arbitration proceeding and the remaining assets of the Northwest Direct were unreasonably small in relation to the potential judgment or the actual Judgment, and/or

(2) Northwest Direct intended to incur, or believed or reasonably should have believed that it would incur debts beyond its ability to pay an amount awarded in the Arbitration Award and confirmed in the Judgment.

24. Northwest Direct acted with actual intent to defraud plaintiff in one or more of the following particulars:

a. Northwest Direct transferred the Property to or for the benefit of defendant Rote and/or another insider;

b. Northwest Direct through defendant Rote retained possession and/or control of the Property;

Complaint -- page 7

    c. Northwest Direct failed to disclose the transfer and/or transfers; that is, the transfer and/or transfers were concealed from plaintiff;

    d. Plaintiff had asserted his claims against Northwest Direct before Northwest Direct transferred the Property, the arbitration proceeding and/or the federal action to confirm the Arbitration Award were pending, or the Judgment had been entered when Northwest Direct transferred the Property;

    e. The transfer and/or transfers were of substantially all of Northwest Direct's assets;

    f. Northwest Direct removed and/or concealed assets;

    g. The value of the consideration received by Northwest Direct was not reasonably equivalent to the value of the Property transferred;

    h. Northwest Direct was insolvent or became insolvent shortly after the transfer and/or transfers and/or shortly after the Arbitration Award was issue or the Judgment was entered; and/or

    i. The transfer and/or transfers occurred shortly before or after the Arbitration Award was issued and/or the Judgment was entered.

    25. Pursuant to the ORS 95.260, plaintiff is entitled to relief as follows:

    a. An order avoiding the transfer and/or transfers of the Property to the extent necessary to satisfy plaintiff's claim;

    b. Attachment or other provisional remedy against any asset transferred or other property of Northwest Direct in accordance with the procedure prescribed by the Federal Rules of Civil Procedure, the Oregon Rules of Civil Procedure, or a provision of any other applicable statute or;

Complaint -- page 8

c. An injunction against further disposition by the defendants, their agents or assignees or transferee, or both, of the Property transferred;

d. An order that plaintiff may levy execution on the Property transferred or its proceeds in order to satisfy the Judgment, and/or

e. Any other relief the circumstances may require.

## COUNT TWO
### (ORS 95.240)

26. Plaintiff incorporates by reference the allegations in paragraphs 1 through 21 and 25, as if fully set forth herein.

27. Plaintiff's claims arose before Northwest Direct transferred the Property.

28. The transfer or transfers of the Property were fraudulent as to plaintiff in one or more or more of the following particulars:

a. The transfer and/or transfers were made without receiving a reasonably equivalent value in exchange and Northwest Direct was insolvent or became insolvent as a result of the transfer or transfers; and/or

b. Northwest Direct transferred the Property to Rote, for the benefit of Rote, and/or to another insider for other than a present, reasonably equivalent value, Northwest Direct was insolvent at that time, and defendant Rote and/or another insider had reasonable cause to believe that Northwest Direct was insolvent.

## SECOND CLAIM FOR RELIEF
(Against defendant Rote)

## COUNT ONE

Complaint -- page 9

(Pierce the corporate veil -- alter ego)

29. Plaintiff incorporates by reference the allegations in paragraphs 1 through 21, as if fully set forth herein.

30. At all times material herein, Northwest Direct was under the actual control of defendant Rote, whose control amounted to complete domination of Northwest Direct's corporate actions, stock and stock ownership, finances, policy, and business practices so that Northwest Direct had no separate mind, will, or existence of its own.

31. Defendant Rote exercised his control over Northwest Direct to conceal, transfer, and otherwise divert the Property so as to cause Northwest Direct to avoid paying any part of the amount awarded to plaintiff in the Arbitration Award and confirmed in the Judgment.

32. The conduct of defendant Rote was wrongful in one or more of the following particulars:

    a. Defendant Rote exercised his control in a manner and at a time so as to cause Northwest Direct to fail to pay any part of the Arbitration Award or the Judgment;

    b. Defendant Rote exercised his control over Northwest Direct in order to prevent or interfere with Northwest Direct's performance or ability to satisfy the Arbitration Award or the Judgment;

    c. Defendant Rote exercised his control over Northwest Direct in order to perpetuate the violation of Northwest Direct's statutory and/or other positive legal

Complaint -- page 10

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com

duties as adjudicated in the Arbitration Award, issued as an award, and confirmed in the Judgment; and/or

   d. Defendant Rote exercised his control over Northwest Direct to commit a dishonest and unjust act in contravention of plaintiff's legal rights.

  33. Defendant Rote exercised his control over Northwest Direct so as to cause injury or unjust loss to plaintiff. As a result of the conduct of defendant Rote, Northwest Direct has paid plaintiff no part of the Judgment and has thereby been injured and/or subjected plaintiff to an unjust loss in the amount of the Judgment, plus interest.

  34. Plaintiff is entitled to an order piercing the corporate veil and subjecting defendant Rote directly to the liability in the Judgment.

## COUNT TWO

(Pierce the corporate veil --agency)

  35. Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 21 and 35, as if fully set forth herein.

  36. At all times material herein, defendant Rote has represented Northwest Direct as its agent and attorney-in-fact.

## THIRD CLAIM FOR RELIEF

(Fraud)

  37. Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 21, as if fully set forth herein.

  38. In the course of the arbitration proceeding, Northwest Direct through defendant Rote, its President, CEO and attorney in fact, represented that

Complaint -- page 11

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com

Northwest Direct owned the Property and was the parent corporation for Rote's other corporate entities.

   39. Northwest Direct's ownership status in the Property was material to plaintiff, in that it caused him to expend substantial sums in litigating his counterclaims in the arbitration proceeding resulting in an award in his favor, petitioning to confirm the subject award, and obtaining the Judgment in this court.

   40. On information and belief, the representation was false in one or more of the following particulars;

   a. Northwest Direct and Rote had already transferred the Property and/or the proceeds of the Property to Rote and/or DOES 1 through 10 before the representation; and/or

   b. Northwest Direct and Rote had already pledged the Property to Rote, a corporate entity owned by Rote, DOES 1 through 10, and/or some other creditor.

   41. Defendant Rote, and therefore defendant Northwest Direct, knew the representations regarding ownership of the Property were false.

   42. Plaintiff had no knowledge that the representations of Northwest Direct and/or Rote were false.

   43. Northwest Direct and/or Rote intended for plaintiff to act on its false representations.

   44. Because Northwest Direct transferred its ownership of the Property to defendant Rote, DOES 1 through 10, another corporate entity owned by Rote, or to

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com

another person and/or entity, plaintiff has been damaged in an amount to be proven at trial.

45.     Based on defendants' representations, plaintiff invested substantial sums in order to prosecute his claims through the arbitration proceeding, reduce his claims to the Arbitration Award, confirm the Arbitration Award in federal court, and to reduce the Arbitration Award to the Judgment, register the Judgment in state court, and attempt to collect the Judgment.  Plaintiff has been damaged in the amount of at least $100,000, to be updated prior to trial.

46.     Plaintiff is entitled to pre-judgment interest at the legal rate.

47.     Defendants' actions were willful, malicious, and intentionally designed to harm plaintiff and to subject plaintiff to economic distress.  Accordingly, plaintiff is entitled to punitive damages in the amount of $500,000.

## PRAYER

**WHEREFORE**, plaintiff prays for the following relief:

1.      Compensatory damages in the amount of at least $100,000, to be made more specific prior to trial;

2.      An order avoiding defendants' transfer and/or transfers of the Property to the extent necessary to satisfy plaintiff's claim;

3.      An order allowing attachment or other provisional remedy against the Property transferred by Northwest Direct and/or the proceeds of the Property transferred;

4.      An injunction against further disposition by Northwest Direct or any transferee, including without limitation DOES 1 through 10, or both;

Complaint -- page 13

5. Execution on any and all Property which was transferred and/or all proceeds of the transferred Property;

6. Punitive damages in the amount of $500,000;

7. Pre-judgment interest at the legal rate; and

8. Order such further or alternative relief in plaintiff's favor as the Court deems appropriate.

DATED: March 11, 2014.

LAW OFFICE OF LINDA L. MARSHALL

/s/ Linda L. Marshall
**Linda L. Marshall**
Oregon State Bar No. 832793
  Co-trial Attorney for plaintiff Max Zweizig

SHAWN M. SORNSON PC
/s/ Shawn M. Sornson
**Shawn M. Sornson**
Oregon State Bar No. 914381
  Co-trial attorney for plaintiff Max Zweizig

Complaint -- page 14

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com