IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAX ZWEIZIG,

        Plaintiff,

   v.

TIMOTHY C. ROTE; NORTHWEST
DIRECT TELESERVICES, INC.;
NORTHWEST DIRECT MARKETING
OF OREGON, INC.; NORTHWEST
DIRECT MARKETING, INC.;
NORTHWEST DIRECT OF IOWA, INC.;
ROTE ENTERPRISES, LLC; NORTHWEST
DIRECT MARKETING, INC, aka
NORTHWEST DIRECT MARKETING
(DELAWARE), INC.,

        Defendants.

No. 3:14-CV-00406-YY

ORDER

HERNÁNDEZ, District Judge:

    Magistrate Judge Stewart[1] issued a Findings and Recommendation [112] on February 19, 2016, in which she recommends that this Court deny Defendants' motion for summary judgment

---

[1] The Court notes that this case has been reassigned to Magistrate Judge You. ECF 123.

1 - ORDER

[53] and motion for sanctions [62]. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Defendant Timothy C. Rote filed timely objections to the Magistrate Judge's Findings & Recommendation.[2] When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Defendant asks this Court to reconsider Judge Stewart's conclusion that there are genuine issues of material fact regarding the application of the statute of limitations which prevent the Court from granting summary judgment to Defendants on Plaintiff's "Fraudulent Transfer" and "Conspiracy" claims. The Court has carefully considered Defendant's objection and concludes there is no basis to modify the Findings & Recommendation.

Defendant also contends that Judge Stewart erred by concluding that Defendants' motion for summary judgment on Plaintiff's "Piercing the Corporate Veil" claim should be denied because Plaintiff's claim is "well within the statute of limitations." F&R 8. Defendant writes:

> Defendant did not file its motion based on a statute expiration but based on the elements. There is no support for this claim.

Mot. Reconsideration 15, ECF 120. The Court construes Defendant's objection as arguing that Judge Stewart failed to fully consider Defendants' argument for summary judgment on the "Piercing the Corporate Veil" claim.

---

[2] The motion for summary judgment was filed on behalf of all defendants. However, in the time the motion has been pending, the defendants' former attorney, Jeffrey Hasson, withdrew. Unopposed Mot. Withdraw, ECF 98. The corporate defendants obtained new counsel. Mr. Rote elected to proceed pro se. ECF 97. Mr. Rote filed a "Motion for Reconsideration and Memorandum in Support," which this Court construes as Objections to the Findings & Recommendation (F&R). Mot. Reconsideration, ECF 120. The objections to Judge Stewart's F&R are filed by Mr. Rote only; therefore, the Court notes that the corporate defendants do not object to Judge Stewart's F&R.

This Court reviewed the motion for summary judgment. In that motion, the defendants stated that "none of the elements" required to pierce the corporate veil are present in this case. Defs.' Mot. Summ. J. 8. Specifically, the motion contends that Plaintiff cannot meet the "causation element."

"[I]n Oregon, piercing the corporate veil 'is an extraordinary remedy which exists as a last resort, where there is no other adequate and available remedy to repair the plaintiff's injury.'" Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc., 397 F.3d 1217, 1228 (9th Cir. 2005) (quoting Amfac Foods v. Int'l Systems, 294 Or. 94, 103, 654 P.2d 1092 (1982)). A plaintiff seeking to pierce the corporate veil "[must] prove that another entity actually controlled (or was under common control with) the corporation, that the other entity used its control over the corporation to engage in improper conduct, and that, as a result of the improper conduct, the plaintiff was harmed." State ex. rel. Neidig v. Superior Nat. Ins. Co., 343 Or. 434, 454–55, 173 P.3d 123 (2007). "Each part of the test—control, wrongful conduct, and causation—can present close legal and factual questions that must be considered in reaching the ultimate equitable determination as to whether the corporate veil can be pierced." Id. See also In re Berjac of Oregon, 538 B.R. 67, 75-76 (D. Or. 2015).

The motion for summary judgment contends that the causation element "could never be proved" because the alleged July 1, 2009 transfer predated the date he obtained his Judgment, and therefore, could not cause him harm. However, Judge Stewart provides substantial evidence and explanation as to why this July 1, 2009 date is a disputed issue of material fact. Therefore, it cannot provide the basis for a grant of summary judgment. The motion for summary judgment does not identify any other "element" that Plaintiff fails to establish. Similarly, Defendant's objections state in a conclusory fashion that "none of these elements [required to pierce the

3 - ORDER

corporate veil] are present in this situation." Mot. Reconsideration 16. Other than "causation," Defendant offers no argument as to any specific element of Plaintiff's claim. While the Court has carefully considered Defendant's objections, they do not support a grant of summary judgment. Accordingly, the Court finds no reason to disturb Judge Stewart's conclusion.

The Court also reviewed the pertinent portions of the record *de novo* and finds no other errors in the Magistrate Judge's Findings & Recommendation.

## CONCLUSION

The Court ADOPTS Magistrate Judge Stewart's Findings and Recommendation [112]. Accordingly, Defendants' Motion for Summary Judgment [53] and Motion for Sanctions [62] are denied.

IT IS SO ORDERED.

DATED this 17 day of April, 2016.

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge

4 - ORDER