IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAX ZWEIZIG,

           Plaintiff,

    v.

TIMOTHY C. ROTE; NORTHWEST
DIRECT TELESERVICES, INC.;
NORTHWEST DIRECT MARKETING
OF OREGON, INC.; NORTHWEST
DIRECT MARKETING, INC.;
NORTHWEST DIRECT OF IOWA, INC.;
ROTE ENTERPRISES, LLC; NORTHWEST
DIRECT MARKETING, INC, aka
NORTHWEST DIRECT MARKETING
(DELAWARE), INC.,

           Defendants.

No. 3:14-CV-00406-YY

OPINION & ORDER

HERNÁNDEZ, District Judge:

    Due to Corporate Defendants'[1] failure to obtain counsel, Plaintiff moves for an order of default against Corporate Defendants and an order striking Corporate Defendants' initial Answer

---

[1] The Corporate Defendants are Defendants Northwest Direct Teleservices, Inc; Northwest Direct Marketing of Oregon, Inc.; Northwest Direct Marketing, Inc.; Northwest Direct of Iowa, Inc.; Rote

1 – OPINION & ORDER

and Affirmative Defenses, and Answer and Affirmative Defenses to the Second Amended Complaint. Defendant Timothy Rote filed a Motion Requesting Deferring Decision to Grant Default Judgment against Corporate Defendants. ECF 187. The Court grants Plaintiff's motion and denies Defendant Rote's motion.

## BACKGROUND

This case was filed in March of 2014. All Defendants were initially represented by attorney Jeffrey Hassan. *See* Not. Appearance, ECF 18. On December 28, 2015, Mr. Hassan filed an Unopposed Motion to Withdraw as Attorney, which the Court granted the same day. *See* ECF 88, 89. Also on December 28, 2015, the Court allowed Mr. Rote to proceed as a self-represented party. *See* Order Granting Defendant Rote's CM/ECF Registration as a Self-Represented Party, ECF 100.

On February 16, 2016, Magistrate Judge Stewart held a telephone conference in which she granted Plaintiff's objection to Mr. Rote appearing on behalf of Corporate Defendants and informed Mr. Rote that Corporate Defendants could only participate in this litigation through a licensed attorney. Minutes, ECF 111; Marshall Decl. ¶ 4, ECF 189. On February 26, 2016, attorney Andrew Brandsness appeared on behalf of Corporate Defendants. ECF 114. However, on October 12, 2016, Mr. Brandsness filed an Unopposed Motion to Withdraw as Attorney for Corporate Defendants. ECF 153.

On October 18, 2016, Magistrate Judge You held a telephone conference in which she verbally granted Mr. Brandsness' motion to withdraw, "on the condition that [he] notif[y] the corporate defendants that they may not appear without counsel and that the failure to appear with counsel may result in adverse action by the court." Minutes, ECF 159.

---

Enterprises, LLC; and Northwest Direct Marketing, Inc., aka Northwest Direct Marketing (Delaware), Inc.

Corporate Defendants failed to obtain counsel. Therefore, on November 30, 2016, Judge You entered another minute order reiterating the consequences Corporate Defendants could face for failure to comply with the Court's order and Local Rules:

> On October 18, 2016, this court allowed withdrawal of the corporate defendants' attorney only on the condition that the corporate defendants be notified that they were not permitted to appear without counsel and that the failure to appear with counsel may result in adverse action by the court. This is the second time this court has intervened and made clear that the corporate defendants must retain counsel, as required by Local Rule 83-9(b). ORDER: The court will not consider arguments on any motion on behalf of an unrepresented corporate entity. Instead, at the upcoming hearing . . ., the court will entertain motions for default judgment against unrepresented corporate entities.

Minute Order (internal citations omitted), ECF 175.

On February 9, 2017, the parties appeared by telephone for a hearing in front of Judge You. Mr. Rote appeared *pro se* and Corporate Defendants were unrepresented. Plaintiff's attorney expressed her intent to file a motion for default against Corporate Defendants. Marshall Decl. ¶ 6. Mr. Rote did not respond. *Id.* Judge You reminded Mr. Rote that he could not respond to the motion for default on behalf of Corporate Defendants. *Id.*

Mr. Rote filed a Motion Requesting Deferring Decision to Grant Default Judgment against Corporate Defendants on February 9, 2017. ECF 187. The next day, Plaintiff filed the present Motion for Default of Corporate Defendants. ECF 188.

## STANDARDS

A corporation may appear in federal court only through licensed counsel. 28 U.S.C. § 1654; Local Rule 83-9(b); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004); *see also United States v. High Country Broad. Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993). When a corporate defendant disregards the Court's order to retain counsel, the Court may enter a default against it. *See, e.g., High Country Broad*, 3. F.3d at 1245 ("When it became apparent that Crisler (who was not a licensed attorney at that time) was attempting to

3 – OPINION & ORDER

represent High Country, the district court ordered High Country to retain counsel for the duration of the litigation. When High Country failed to do so, the district court entered a default judgment against it; this was perfectly appropriate."); *see also Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) ("[W]e have recognized default as a permissible sanction for failure to comply with local rules requiring representation by counsel."); *United States v. Clement*, No. 6:12-CV-1902-AA, 2013 WL 504689, at *2 (D. Or. Feb. 6, 2013) (entering default against the corporate defendant after no licensed attorney appeared on its behalf).

## DISCUSSION

The Court grants Plaintiff's motion for default against Corporate Defendants. On at least four occasions, verbally and in writing, Corporate Defendants have been put on notice that they must obtain counsel and that failure to do so will have adverse consequences. Nevertheless, Corporate Defendants remain unrepresented and have provided no indication of a likelihood of obtaining counsel. Therefore, it is appropriate for this Court to enter default. *See* Fed. R. Civ. P. 55(a).

As to Defendant Rote's motion requesting postponement of this Court's entry of default against Corporate Defendants, Defendant Rote has been repeatedly admonished that he cannot litigate this case on behalf of Corporate Defendants. Defendant Rote's motion, while styled as one brought on his own behalf, is clearly brought on behalf of Corporate Defendants. The Ninth Circuit has made clear that courts will not allow such an "end-run." *See High Country Broad,* 3 F. 3d at 1245.

///

CONCLUSION

The Court grants Plaintiff's Motion for Default of Corporate Defendants [188]. In addition, the Court strikes Corporate Defendants' Initial Answer and Affirmative Defenses [42] and Corporate Defendants' Answer and Affirmative Defenses to the Second Amended Complaint [114]. Defendant Rote's Motion Requesting Deferring Decision to Grant Default Judgment against Corporate Defendants [187] is denied. The Clerk is directed to issue an entry of default against Northwest Direct Teleservices, Inc.; Northwest Direct Marketing of Oregon, Inc.; Northwest Direct Marketing, Inc.; Northwest Direct of Iowa, Inc.; Rote Enterprises, LLC; and Northwest Direct Marketing, Inc., aka Northwest Direct Marketing (Delaware), Inc.

IT IS SO ORDERED.

DATED this \_\_20\_\_ day of \_\_Feb\_\_, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge