UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**MAX ZWEIZIG,**

        Plaintiff,

  v.

**TIMOTHY C. ROTE,** a citizen of the state of Oregon; **NORTHWEST DIRECT TELESERVICES, INC.**, an Oregon for-profit corporation; **NORTHWEST DIRECT MARKETING OF OREGON, INC.**, an Oregon for-profit corporation; **NORTHWEST DIRECT MARKETING, INC.**, an Oregon for-profit corporation; **NORTHWEST DIRECT OF IOWA, INC.**, an Iowa for-profit corporation; **ROTE ENTERPRISES, LLC**, an Oregon limited liability company; **and NORTHWEST DIRECT MARKETING, INC., aka Northwest Direct Marketing (Delaware), Inc.**, a Delaware corporation**,**

        Defendants.

Case No. 3:14-cv-00406-YY

**FINDINGS AND RECOMMENDATIONS**

**YOU, Magistrate Judge:**

## INTRODUCTION

Plaintiff, Max Zweizig ("Zweizig"), filed this action on March 11, 2014, against: his former employer, Northwest Direct Teleservices, Inc. ("NDT"); NDT's principal owner, sole director, and controlling shareholder, Timothy C. Rote ("Rote"); two other corporations which Rote allegedly controls, Northwest Direct Marketing of Oregon, Inc. ("NDMO") and Northwest Direct Marketing, Inc. ("NDM"); and "Does 1 through 10." Following the filing of a First

Amended Complaint on June 3, 2014, this court denied defendants' motion to dismiss, except as to the Third Claim. *See* Findings and Recommendation dated October 22, 2014 (ECF #35), adopted by Order dated December 16, 2014 (ECF #41).

Zweizig then filed a Second Amended Complaint (ECF #96) ("2nd A/C"), deleting the "Doe" defendants and adding three corporate entities[1] as defendants: Northwest Direct of Iowa, Inc. ("NDI"); Rote Enterprises, LLC;[2] and Northwest Direct Marketing, Inc., aka Northwest Direct Marketing (Delaware), Inc. ("NDM Delaware").[3] Shortly after the filing of the 2nd A/C, this court granted the request of defendants' attorney to withdraw (ECF #99). Rote, proceeding *pro se*, filed an Answer to the 2nd A/C (ECF #103). In response to the filing of Rote's Answer to the 2nd A/C, this court granted Zweizig's request that all corporate defendants obtain counsel to proceed in this case (ECF #111). On February 26, 2016, the corporate defendants filed their Answer to the 2nd A/C (ECF #114), as well as Corporate Disclosure Statements (ECF ##115).

Defendants named in the First Amended Complaint then filed two motions, one seeking summary judgment against all claims based on the statute of limitations (ECF #53), and another seeking to impose sanctions against Zweizig's attorney for filing claims when she knew or should have known that they were barred by the applicable statutes of limitation (ECF #62). This court agreed to construe defendants' summary judgment motion against the later filed 2nd A/C (ECF #96). After a hearing, this court denied both the motion for summary judgment and

---

[1] A fourth corporate name, "Northwest Direct of Eugene, Inc." appears as a defendant in the caption of the 2nd A/C. However, that name was later removed as it is simply the assumed business name of another corporate defendant. *See* ECF #111.

[2] Per Rote Enterprises LLC's Corporate Disclosure Statement (ECF #116), Rote is the sole member of Rote Enterprises, LLC.

[3] Per NDI's Corporate Disclosure Statement (ECF #115), NDM Delaware is NDI's parent corporation. The caption also names Northwest Direct of Eugene, Inc. ("NDE"). However, NDE is apparently an assumed business name for NDM (ECF #111).

the motion for sanctions.  Findings and Recommendation dated February 19, 2016 (ECF #112), adopted by Order dated April 17, 2016 (ECF #125).

Rote has now filed two additional motions,[4] including a Motion for Summary Judgment (ECF #149), seeking summary judgment on each of the claims against him, and an Amended Motion for Sanctions (ECF #152), again seeking sanctions against both Zweizig and his attorney.

Shortly after Rote filed those motions, the attorney representing the corporate defendants sought to withdrew from the case.  ECF #153.  This court granted the request on the condition that the attorney seeking to withdraw advised the corporate defendants that they may not appear without counsel and that the failure to appear with counsel may result in adverse action by the court.  ECF #159.  On October 20, 2016, corporate counsel sent a letter so advising the corporate defendants.  ECF #170.  Nevertheless, the corporate defendants continued to remain unrepresented in this action and, as a result, on February 20, 2017, Judge Marco A. Hernandez granted Plaintiff's Motion for Default of Corporate Defendants (ECF #188), struck the Corporate Defendants' Initial Answer and Affirmative Defenses (ECF #42) and the Corporate Defendants' Answer and Affirmative Defenses to the Second Amended Complaint (ECF #114).  The Clerk then issued an Entry of Default as to Northwest Direct Marketing of Oregon Inc., Northwest Direct Marketing, Inc., Northwest Direct Marketing, Inc. (aka Northwest Direct Marketing (Delaware), Inc.), Northwest Direct Teleservices, Inc., Northwest Direct of Iowa, Inc., and Rote Enterprises LLC.

///

---

[4] These motions are restricted according to the Stipulated Protective Order (ECF #47), as were many of the other documents filed in support of or in opposition to them.  Accordingly, this Findings and Recommendations are being filed under seal temporarily to allow the parties to request redactions of confidential information in accordance with the Stipulated Protective Order.

For the reasons that follow, Rote's Motion for Summary Judgment (ECF #149) and Rote's Amended Motion for Sanctions (ECF #152) should be DENIED.

## FINDINGS

### I. Summary Judgment

#### A. Legal Standard

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When judging the evidence at the summary judgment stage, the district court is not to make credibility determinations or weigh conflicting evidence, and is required to draw all inferences in a light most favorable to the nonmoving party." *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Id*. at 252, 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

///

///

### B. Claims Alleged

The 2nd A/C alleges three claims arising out of Zweizig's inability to collect a Judgment for $75,375.00 against NDT entered on February 14, 2012, based on an arbitration award. *NDT v. Zweizig*, United States District Court for the District of Oregon, No. 3:11-cv-00910-PK ("Arbitration Case") (ECF #47). The First Claim alleges three counts for violation of the Uniform Fraudulent Transfer Act, ORS 95.200-.310 ("UFTA"), against: (1) Rote, NDT, and NDM for violation of ORS 95.230 (Count One); (b) Rote, NDT, and NDM for violation of ORS 95.240 (Count Two); and (c) all defendants for violation of ORS 95.230 (Count Three). The Second Claim alleges two counts for piercing the corporate veil, one against Rote and NDM based on an alter ego theory (Count One) and one against Rote based on an agency theory (Count Two). The Third Claim is against all defendants for civil conspiracy to defraud.

### C. Summary Judgment—Inappropriate on Disputed Facts

Rote makes a series of factual statements that he contends entitle him to summary judgment. However, those statements are either inaccurate and irrelevant, or simply Rote's version of disputed facts, which cannot form the basis of summary judgment in his favor. Rote's contention that Zweizig's attorney is the real party in interest in this case is both factually wrong (Marshall Amended Decl. (ECF #163), ¶ 12) and irrelevant. Thus, that argument provides no basis for granting summary judgment in favor of Rote.

Rote's interpretation of disputed facts fares no better. In his Reply, Rote gives a lengthy explanation of the corporate defendants' business model and the business realities that he claims necessitated the various decisions concerning corporate assets. Rote contends that the structure of his affiliated companies and the decisions they made were simply driven by prudent business practices, separate and apart from the ongoing legal proceedings involving Zweizig. While these

explanations may well win the day at a trial, they have no place in a motion for summary judgment, where all reasonable inferences from the record must be drawn in favor of the non-movant. At the summary judgment stage, the movant is not entitled to the benefit of factual inferences in his favor. Instead, just the opposite rule applies: "We view the facts and draw factual inferences in favor of [Zweizig], the non-moving party." *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 803 F.3d 1084, 1088 (9th Cir. 2015) (citing *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987)).

Likewise, Rote's contention that Zweizig, through his attorney, has "misrepresented" the facts should be rejected. Counsel for Zweizig is duty-bound to zealously advocate for her client and to posit the most compelling story in his favor that the documents and testimony encompass. Such advocacy does not amount to "misrepresentation." Instead, it goes to the heart of getting justice when a party disagrees about the harm their opponent has perpetrated or suffered. Thus, this court should reject Rote's contentions on such things as: (1) the nature of and business justifications for the restructuring of the corporate defendants; (2) whether he received anything of value in the transfer of assets; (3) whether it was the reorganization or the mounting costs of ongoing litigation that destroyed the group; and (4) that he had a duty to act in the best interests of the affiliated companies and owed Zweizig no duty. Rote is entitled to offer his interpretation of the documents and testimony. However, he is not entitled to a dismissal of Zweizig's claims simply because he can proffer an interpretation that may absolve him from liability. Instead, to the degree the factual evidence may be interpreted in more than one way, this court is bound to construe the record in Zweizig's favor. On any relevant and disputed fact, both sides must await resolution before a factfinder charged with deciding whose story makes more sense.

///

### D. UFTA Claim (First Claim)

The First Claim alleges three counts for violation of the UFTA. With regard to that claim, Rote again raises various arguments surrounding the issue of timeliness under the UFTA's statute of limitations. This court previously rejected those arguments and should reject them again. Findings and Recommendations (ECF #112), adopted by Opinion and Order (ECF #125).

Rote also presents lengthy narratives: (1) criticizing Zweizig for failing to put forth evidence to dispute the values assigned to the stock or other property transferred and failing to give credit to the defendants for providing non-recoverable cash to rehabilitate the debtor (Motion for Summary Judgment (ECF #149), p. 27 ("Defenses Under ORS 95.270")); (2) arguing the litigation that the corporate defendants were involved in (and not any corporate restructuring) destroyed the businesses (*id.* at 27–28 ("The Denver Litigation Destroyed the Group, Not the Reorganization")); (3) suggesting that the client service contracts were accurately valued at $0 at the time of transfer from NDT to NDM (*id.* at 30 ("Client Service Contracts")); (4) pointing out that the representations in the Denver litigation were based on advice of counsel and did not involve the concealing of assets (*id*. at 30-31 ("Advice of Counsel")); (5) contending that various corporate assets were subject to a valid lien and were, therefore, not "assets" for purposes of the UFTA (*id*. at 31–32 ("Assets are Subject to a Lien")); (6) explaining why he believes the relevant UFTA factors militate against a finding of a fraudulent transfer (*id*. at 32–33 ("Badges of Fraud Weigh in Favor of Defendants")); (7) offering four sentences interpreting the meaning of NDT's post-reorganization balance sheet (*id*. at 33–34 ("NDT Was Not Insolvent")); and (8) theorizing about the payment priorities that would apply in the event Zweizig prevailed (*id*. at 34 ("Even If")). Rote proffers little or no factual information to support these arguments and his narratives serve only to highlight the existence of disputed issues of

material fact about virtually every aspect of the financial workings between the corporate defendants and the reasons for the reorganization. Such disputed issues militate against granting summary judgment to either side. Accordingly, Rote's request for summary judgment as to the First Claim under the UFTA should be denied.[5]

### E. Alter Ego and Piercing (Second Claim)

With regard to the Second Claim, Rote notes both the extraordinary nature of the remedy, which may be used only as a last resort when no other remedy is available to repair plaintiff's injury, and the elements necessary to pierce a corporate veil. Rote then argues that Zweizig cannot show the required elements because: (1) NDT was, at all possible relevant times, adequately capitalized (Motion for Summary Judgment (ECF #149), pp. 36–37 ("No Inadequate Capitalization")); (2) the reorganization was documented properly and the financial transactions reflect continuing efforts to keep the corporate entities afloat in a sea of costly litigation (*id*. at 37–38 ("No Milking")); and (3) detailed corporate documents show personal and corporate assets were maintained separately (*id*. at 38 ("No Comingling")).[6] Although Rote submitted a number of corporate documents,[7] he cites none of those documents in connection with these arguments and wholly fails to explain how any of those documents support the various

---

[5] Citing no authority, Rote also argues that Zweizig has no "standing" to bring a UFTA claim against any other entity or person but NDT. "The standing doctrine addresses the question of 'whether the litigant is entitled to have the court decide the merits of the dispute.'" *Lee v. State of Or.*, 107 F.3d 1382, 1387 (9th Cir. 1997) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Thus, "standing is primarily concerned with who is a proper party to litigate a particular matter." *Id*. (citation and emphasis omitted). That is an entirely different question from whether a particular defendant is a proper party. The UFTA's remedies provision clearly contemplates relief against transferees, not just against the debtor. *See* O.R.S. 95.260.

[6] Rote also argues that defendants did not misrepresent NDT's financial health and, in any event, had no duty to update prior testimony about defendants' organizational structure. *Id*. at 38-39 ("No Misrepresentation"). How this line of argument relates to the Second Claim is not clear.

[7] *See* Rote Declaration (ECF #150).

arguments he makes. Instead, he makes various unsupported contentions. *See*, *e.g.*, *id*. at 38 ("Every time a bill is paid, cash is received, etc., detailed records are kept."). This court is at liberty to grant summary judgment only when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). Bald assertions, devoid of factual support are insufficient. *See*, *e.g.*, *Bayer v. Nationstar Mortgage, LLC*, 2017 WL 1133023 at *6 (D. Ariz. March 27, 2017) ("In light of Defendants' conclusory argument and their confusing and unsupported assertions . . . the Court cannot grant summary judgment in their favor on this issue."). Accordingly, Rote's request for summary judgment against the Second Claim should be rejected.

### F. Conspiracy to Defraud (Third Claim)

Rote argues that Zweizig's Third Claim for civil conspiracy to defraud is deficient because a "civil conspiracy is not an independent tort." That general proposition is accurate: "neither 'conspiracy' nor 'aid and assist' is a separate theory of recovery." *Granewich v. Harding*, 329 Or. 47, 53, 985 P.2d 788, 792 (1999) (citations omitted). However, "conspiracy to commit or aiding and assisting in the commission of a tort are two of several ways in which a person may become jointly liable for another's tortious conduct." *Id*. Oregon recognizes a claim for a civil conspiracy to defraud upon proof that two or more persons (including corporate "persons") had a meeting of the minds and took one or more unlawful overt acts to accomplish an objective, with the primary purpose of causing injury to another, and thereby did cause damages to the plaintiff. *Bonds v. Landers*, 279 Or. 169, 174, 566 P.2d 513, 516 (1977). Thus, to the degree Rote's motion for summary judgment is premised upon the bare-bones assertion that a civil conspiracy is not an independent tort, it should be rejected.

Similarly, this court should reject any intimation that Rote is not a proper party to the Third Claim because the arbitrator dismissed him from the Arbitration Case in early 2007. Motion for Summary Judgment (ECF #149, pp. 19–20 ("Plaintiff Refutes His Pleading")). Simply put, the issues decided in the Arbitration Case are merely the backstory for the Third Claim, and dismissal as a party to the arbitration does not automatically translate into a win for Rote on the Third Claim.

Rote next makes three arguments regarding the proceedings in the Arbitration Case, namely that "Zweizig Was The Respondent," "There Was No Representation of Financial Health," and "Public Information Conveyed Financial Risk." Motion for Summary Judgment (ECF #149), pp. 20–21. None of these arguments is supported by citation to any admissible evidence, nor does Rote clearly identify how these assertions entitle him to summary judgment on the Third Claim. One proposition of these arguments seems to be that Zweizig and his attorney have misunderstood and misinterpreted certain financial and other documents previously presented in arbitration and litigation. With regard to that proposition, Rote leaves this court to guess how these arguments entitle him to summary judgment on the Third Claim.

The remaining proposition seems to be that Zweizig is not entitled to recover the costs he spent on the Arbitration Case because he would have incurred them regardless. However, on that score, Rote is incorrect. A successful claim for civil conspiracy to commit fraud allows recovery of damages equal to the amount of a prior judgment that cannot be collected due to defendants' fraudulent transfers. *Jakobitz v. Iron Horse Bus. Servs., LLC*, 208 Or. App. 515, 520, 145 P.3d 277, 279 (2006). Moreover, Oregon subscribes to the proposition that the expenses of prior litigation may be recoverable in a subsequent tort action: "[A]lthough a party to a civil action will generally recover the attorney fees and costs incurred in that action only if a

statute or contract permits their recovery *qua* fees and costs, there are instances in which attorney fees and litigation costs incurred in separate litigation may be recovered as an element of a plaintiff's damages." *State v. Ramos*, 358 Or. 581, 601, 368 P.3d 446, 457 (2016). "For example, when a plaintiff brings a claim against a defendant for damages, the plaintiff may seek, as an element of damages, attorney fees and costs that the plaintiff incurred in litigation with a third party." *Id*. at 600, 368 P.3d at 457 (citations omitted); *see also Osborne v. Hay*, 284 Or. 133, 141–42, 585 P.2d 674, 678–79 (1978) (allowing recovery in a fraud case of expenses incurred in prior litigation with a third party "as special damages 'suffered as a consequence' of plaintiff's reliance upon the truth of the misrepresentations").

Rote takes second and third swipes at Zweizig's prayer for damages, arguing that Oregon's economic-loss rule precludes the Third Claim and that Zweizig is not entitled to punitive damages. Motion for Summary Judgment (ECF #149), pp. 22–24 ("Oregon Economic Loss Rule" and "Punitive Damages Criteria Fails"). However, the economic-loss rule applies to common law negligence claims, whereas this claim is premised upon a conspiracy to violate a duty imposed by statute. *See Loosli v. City of Salem*, 215 Or. App. 502, 506–07, 170 P.3d 1084, 1086 (2007) (claims for economic losses may be predicated on duties outside the common law of negligence, including statutory duties). As for Rote's contentions about the punitive damages prayer, once again his arguments merely highlight competing interpretations of disputed factual issues which are an inappropriate basis for granting summary judgment.

Finally, Rote argues that Zweizig's avenue for relief for any misrepresentations about corporate structure is to file a criminal complaint for perjury. Motion for Summary Judgment (ECF #149), p. 25 ("Testimony is Privileged & Enjoys Complete Immunity"). Filing criminal complaints is within the province of prosecutors, not private citizens. Moreover, the issue is not

whether Zweizig has an alternative remedy. The issue is whether Rote has established undisputed material facts that entitle him to judgment as a matter of law against the actual claims alleged in this case, including the Third Claim. This court concludes that he has not done so. Accordingly, Rote's request for summary judgment against the Third Claim should likewise be denied.

## II. Amended Motion for Sanctions

In addition to taking aim at Zweizig's claims, Rote again seeks to obtain sanctions against Zweizig's attorney. In his Amended Motion for Sanctions (ECF #152), Rote argues that Zweizig's attorney should be sanctioned for filing—and later refusing to dismiss—the fraud claim. Rote's motion is premised upon the argument that the fraud claim fails because the arbitrator denied Zweizig's request for attorney fees in the Arbitration Case and he may, therefore, not seek those costs in this litigation. Rote also argues that the expenses incurred in the Arbitration Case are not recoverable "in contract." These arguments ring hollow.

The Third Claim for civil conspiracy to defraud is a tort claim, not a contract claim. It is premised upon Zweizig's allegation that defendants acted in concert to insulate NDT's assets and thereby prevent collection of the judgment rendered in favor of Zweizig in the Arbitration Case. That claim was not before the arbitrator and is not premised upon a contract. Instead, it is premised upon conduct outside of the arbitration proceedings. A successful claim for civil conspiracy to defraud allows recovery of a host of damages, including damages equal to the amount of a judgment that cannot be collected, compensation for the loss of time, attorney fees, and other expenditures suffered or incurred in the earlier action. In short, Rote's sanctions motion is premised upon a fundamental misunderstanding of the nature of the Third Claim.

When viewed in the light of clear Oregon case law on the elements of a claim for civil conspiracy to defraud, the sanctions motion lacks merit and should also be denied.

## RECOMMENDATIONS

For the reasons set forth above, Rote's Motion for Summary Judgment (ECF #149) and Amended Motion for Sanctions (ECF #152) should be DENIED.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due May 3, 2017. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

DATED April 19, 2017.

/s/ Youlee Yim You

Youlee Yim You
United States Magistrate Judge