IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAX ZWEIZIG,

                    Plaintiff,

     v.

TIMOTHY C. ROTE; NORTHWEST
DIRECT TELESERVICES, INC.;
NORTHWEST DIRECT MARKETING
OF OREGON, INC.; NORTHWEST
DIRECT MARKETING, INC.;
NORTHWEST DIRECT OF IOWA, INC.;
ROTE ENTERPRISES, LLC; NORTHWEST
DIRECT MARKETING, INC, aka
NORTHWEST DIRECT MARKETING
(DELAWARE), INC.;

                    Defendants.

No. 3:14-CV-00406-YY

ORDER

HERNÁNDEZ, District Judge:

Magistrate Judge You issued a Findings and Recommendations [195] on April 19, 2017,

in which she recommends that this Court deny Defendant Timothy Rote's Motion for Summary

Judgment [149] and Amended Motion for Sanctions [152]. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Mr. Rote filed timely objections to Judge You's Findings & Recommendations ("F&R"). When any party objects to any portion of the Magistrate Judge's F&R, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court has conducted such a review and adopts in part and declines to adopt in part Judge You's F&R.

Mr. Rote raises three objections to Judge You's F&R. First, Mr. Rote argues that Judge You disregarded the applicable legal standards for determining recovery of arbitration costs. Second, Mr. Rote contends that Judge You disregarded the applicable legal standards for determining the statute of limitations in bringing a civil conspiracy claim. Third, Mr. Rote asserts that Judge You is biased.

Mr. Rote objects to Judge You's conclusion that Plaintiff Max Zweizig may be able to recover damages for costs associated with the parties' prior arbitration. While the facts of this case are set out in detail in the F&R and are intimately known by the parties, a brief summary of relevant facts is helpful here.

Mr. Zweizig was terminated from employment with Defendant NDT in November of 2003. Second Amended Complaint ("SAC") ¶ 15, ECF 96. In April of 2006, NDT commenced an arbitration proceeding against Mr. Zweizig. *Id.* at ¶ 17. A few months later, Mr. Zweizig brought counterclaims in the arbitration against NDT, Mr. Rote, and other corporations controlled by Mr. Rote. *Id.* However, according to Mr. Zweizig, "[i]n reliance on the representation of the defendants' then-attorney that NDT was the umbrella corporation and

would be financially responsible for any award, plaintiff dropped the other defendants and litigated his claims in the Arbitration Proceeding against NDT only." *Id.*

The arbitration proceeding lasted five years. *Id.* at ¶ 23. Mr. Zweizig alleges that during this time, from 2006 to 2011, Mr. Rote reorganized NDT and transferred its assets in such a way that NDT became insolvent. *Id.* at ¶ 21. On April 5, 2011, the arbitrator issued an Opinion & Order and Arbitration Award in which he awarded Mr. Zweizig $75,375. *Id.* at ¶ 26. However, the arbitrator declined to award Mr. Zweizig attorney's fees or costs incurred in connection with the arbitral proceeding. *See Nw. Direct Teleservices, Inc. v. Zweizig*, No. 3:11-CV-910-PK, 2011 WL 7331297, at *12 (D. Or. Nov. 18, 2011), *F&R adopted,* No. 3:11-CV-910-PK, 2012 WL 512404 (D. Or. Feb. 14, 2012).

Mr. Zweizig contends that Mr. Rote "caused NDT to commence and continue the Arbitration Proceeding . . . after [Mr. Rote] rendered NDT judgment-proof." Pl.'s Resp. 23, ECF 160. Mr. Zweizig alleges that he was required to respond and defend against NDT's claims, thus incurring expenses. *Id.* Mr. Zweizig argues that, if he prevails on his civil conspiracy to defraud claim, he may be entitled to recover damages for the arbitrator's fees, court reporter costs, and miscellaneous costs associated with the arbitration proceeding, a sum amounting to approximately $21,000.[1] This Court disagrees.

Generally, in a civil action, a party is not entitled to an award of litigation costs incurred in that action, unless a statute or contract allows for such recovery. *State v. Ramos*, 358 Or. 581, 600, 368 P.3d 446, 457 (2016). However, there are exceptions to this general rule. "[W]hen a plaintiff brings a claim against a defendant for damages, the plaintiff may seek, as an element of damages, attorney fees and costs that the plaintiff incurred in litigation with a third party." *Id.* In

---

[1] Mr. Rote concedes that Mr. Zweizig may seek recovery for the arbitration award amount. Def.'s Obj. 2-3, ECF 198.

explaining this principle, the Oregon Supreme Court referred to *Restatement (First) of Torts* § 914, 591 (1939):

> A person who *through the tort of another* has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney fees and other expenditures thereby suffered or incurred.

*Id.* (emphasis added). Specifically, "[i]f a defendant's fraudulent misrepresentation causes 'the plaintiff to litigate with [a] third person, then the reasonable expenses of that litigation, including the plaintiff's own attorney fees, are recoverable as items of damages consequent upon the misrepresentation.'"). *Id.* (quoting Dan B. Dobbs, *2 Law of Remedies* § 9.2(3) (2d ed. 1993)); *see also Montara Owners Ass'n v. La Noue Dev., LLC*, 357 Or. 333, 361, 353 P.3d 563, 579 (2015) (plaintiff may seek attorney's fees incurred in a prior case when the defendant's tortious or wrongful conduct "involved the plaintiff in litigation with a third party").

Therefore, in order for Mr. Zweizig to seek expenses incurred in the underlying arbitration, he must allege that a tort committed by Mr. Rote caused Mr. Zweizig to arbitrate with NDT. Mr. Zweizig fails to make such an allegation. Instead, Mr. Zweizig alleges that NDT initiated the arbitration based on the parties' employment dispute. SAC ¶ 17. Mr. Rote's alleged tort of fraudulent misrepresentation caused Mr. Zweizig to be unable to collect the Arbitration Award, once it was rendered. Even if Mr. Zweizig is correct that Mr. Rote knew that NDT was judgment-proof when NDT initiated the arbitration, Mr. Zweizig fails to offer any authority for the proposition that it is a tort to initiate arbitration on behalf of a judgment-proof corporation.[2]

---

[2] The Court also independently questions Mr. Zweizig's ability to bring a civil conspiracy claim against Mr. Rote and the corporate defendants, given the allegations made in Plaintiff's Claim Two (alter ego and agency theories for piercing the corporate veil). SAC ¶¶ 51-58. It appears to the Court that such a claim may run afoul of the intracorporate conspiracy doctrine, which provides that, as a matter of law, a corporation cannot conspire with its own agent. *See, e.g., L.L. Nelson Enters., Inc. v. County of St. Louis, Mo.,* 673 F.3d 799, 812 (8th Cir. 2012) ("[A] corporation and its agents are a single person in the eyes of the law, and a corporation cannot conspire with itself[.]" (citation omitted)); *Hoefer v. Fluor Daniel, Inc.,*

Accordingly, the cited decisions do not support the conclusion that this Court should depart from the general rule and allow Mr. Zweizig to recover damages for costs incurred in the arbitration proceeding.[3]

As to Mr. Rote's second objection regarding the applicable legal standard for determining the statute of limitations in bringing a civil conspiracy claim, Mr. Rote appears to be objecting to a conclusion reached in a previous Findings and Recommendation. *See* F&R, February 19, 2016, at 9, ECF 112 ("[T]he record contains sufficient evidence which, at a minimum, prevents summary judgment on the [conspiracy] claim based on the statute of limitations."). This Court already adopted the February 19, 2016 F&R and, in doing so, considered and rejected the same arguments Mr. Rote raises in his Objections. *See* Order, April 17, 2016, at 2, ECF 125. Thus, the Court will not revisit Mr. Rote's argument in this Order.

Finally, Mr. Rote's third objection alleges that Judge You is biased. While Mr. Rote provides four pages of detail regarding his version of the facts in this case, he offers no evidence or argument regarding any bias. The Court does not independently find any evidence whatsoever of bias.

The Court also reviewed the pertinent portions of the record *de novo* and finds no other errors in the Magistrate Judge's F&R.

///

---

92 F. Supp. 2d 1055, 1057 (C.D. Cal. 2000) (Because "a conspiracy requires a meeting of the minds . . . you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.") (internal quotations and citations omitted). The parties should be prepared to discuss this issue at the pretrial conference.

[3] This conclusion does not alter Judge You's recommendation to deny Mr. Rote's Amended Motion for Sanctions. That motion was based on the premise that Mr. Zweizig's attorney should have known that Mr. Zweizig was not eligible for costs associated with the arbitration, because such costs had been denied in the arbitration and the motion to confirm the arbitration award. *See* Am. Mot. Sanctions, ECF 152.

## CONCLUSION

The Court adopts in part and declines to adopt in part Magistrate Judge You's Findings and Recommendations [195]. Accordingly, Defendant Rote's Motion for Summary Judgment [149] and Amended Motion for Sanctions [152] are denied, except to the extent Mr. Rote argues that Plaintiff may not recover damages for expenses incurred in the prior arbitration proceeding.

IT IS SO ORDERED.

DATED this _____15_____ day of ____June_____ , 2017.

_____

MARCO A. HERNÁNDEZ
United States District Judge